IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER LEOW,

    Plaintiff,

v.                                                CASE NO. 1:15-cv-34-MW-GRJ

CITY OF GAINESVILLE,
PUBLIC WORKS DEPARTMENT

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a detainee at the Alachua County Jail, and has filed a *pro se* complaint on the Court's civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. After review of the complaint, it is clear that it is due to be dismissed because Plaintiff has failed to allege a constitutional violation and, thus, the complaint fails to state a claim.

## Allegations of the Complaint

Plaintiff alleges that on October 3, 2014, he and his friend Matt Jones were walking on SW 2nd Avenue in Gainesville, when he tripped on a raised slab of concrete and landed on his left elbow. Plaintiff was injured in the fall, and on October 6, he visited the emergency room at Shands, where he received surgery and I.V. antibiotics for an infection in his elbow. He was told that the infection could have resulted in amputation. Plaintiff alleges his elbow is now grossly disfigured, and he has a limited range of motion and pain management issues. His hobbies, such as playing the guitar, have also been hindered.

Plaintiff alleges that the City of Gainesville is responsible for the maintenance of side walks, and that he has been subjected to cruel and unusual punishment by the City of Gainesville Public Works Department.  He seeks $300,000 in relief.

### Discussion

The Court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).

In his complaint, Plaintiff purports to allege a cause of action cognizable under 42 U.S.C. § 1983.  Even though Plaintiff has used the Court's form for actions under § 1983 and alleges that Defendant violated his rights under the Eighth Amendment, the complaint fails to allege a federal claim because the wrong alleged – failure to maintain a sidewalk, resulting in Plaintiff's injury – does not constitute a constitutional violation.

To state a claim under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the conduct complained of was committed by a person acting under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

Even construing Plaintiff's complaint liberally because he is proceeding *pro se*, the allegations in the complaint do not raise a constitutional claim but only – at best – a state law tort claim relating to the maintenance of the sidewalk and Plaintiff's injury.  Simply intoning that Plaintiff's Eighth Amendment rights were violated is insufficient to raise a constitutional claim.  Plaintiff's complaint, therefore, fails to raise a claim based

upon a right, privilege, or immunity secured by the Constitution or a statute of the United States and, thus, is due to be dismissed.

While the Court ordinarily would give a *pro se* Plaintiff an opportunity to further amend his complaint, the Court declines to do so here because any amendment would be futile. An amendment would not cure the fact that there is simply no constitutional violation in the scenario presented by Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED**:

Plaintiff's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted. All pending motions should be terminated, and the case closed.

**IN CHAMBERS,** at Gainesville, Florida, this 4th day of March, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**